

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| ISABEL GONZALEZ, <br> (BOP No. 94143-079) <br><br> Plaintiff, <br> V. <br><br> T. CRONKOVICH, <br> Chief Health Services Administrator, <br> FCI-Big Spring, *et al.*, <br><br> Defendants | § § § § § § § § § § § § | CIVIL ACTION NO. 1:15-CV-136-BL |

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B) [1]

This case is before the Court for review of pro-se-inmate/plaintiff Isabel Gonzalez's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review of the pleadings, the Court finds and concludes that all claims against all defendants must be dismissed.

## I. BACKGROUND

Plaintiff initially filed a handwritten complaint with attachment pages, naming only one Defendant T. Cronkovich, identified as the Chief Health Service Administrator at FCI-Big Spring. (Doc. 1.) After review of this pleading, the Court issued an Order Directing Plaintiff to File a More Definite Statement, in which Plaintiff was directed Plaintiff to answer several specific questions about his claims against Defendant Cronkovich. (Doc. 10.) Plaintiff did not comply with that order, but instead filed a typed 28-page plus attachment pages "amended complaint." (Doc. 14.) Plaintiff's amended complaint recites a lengthy history of factual allegations related to the medical care provided to him while housed in different Bureau of Prisons (BOP) facilities. (Doc. 14, at 2-20.) In the amended complaint, however, Plaintiff has completely dropped T. Cronkovich as a defendant, and

---

[1] Plaintiff Isabel Gonzalez has consented to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c). (Doc. 5.)

makes no claims against Cronkovich. (Doc. 14, at 1-2.) Instead, Gonzalez names as defendants several officials at FCI-Big Spring, including Myron L. Batts, Warden; Roberto Acosta, Health Services Administrator; C. Hanson, Assistant Health Services Administrator; Jorge Partida, Clinical Director; Javier Alvarez, Mid Level Practitioner; and Eric Estella, Mid Level Practitioner. (Doc. 14, at 2.) Plaintiff claims that each defendant was deliberately indifferent to his serious medical care needs. (Doc. 14, at 20-27.) By the amended complaint, Plaintiff Gonzalez seeks "compensatory damages against each defendant of $1,440,000", punitive damages against each defendant "in the amount of 1,000,000", and declaratory and injunctive relief. (Doc. 14, at 27.)

## II. REVIEW UNDER § 1915A and § 1915(e)(2)(B)

As noted, as Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a

2

formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

A. **Claims against T. Cronkovich**

Gonzalez wholly failed to comply with the Court's order to file a more definite statement as to any claims against T. Cronkovich. That Order explained that the "failure to timely and completely comply could result in the dismissal of Plaintiff's claims for lack or prosecution under federal Rule of Civil Procedure 41(b). As Plaintiff failed to comply with the Court's order, his claims against Cronkovich must be dismissed without prejudice under Rule 41(b).

B. **Claims against remaining Defendants**

**(1) Applicable Statute of Limitations**

In the amended complaint, Plaintiff seeks relief against the other Defendants for violation of his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388, 297 (1971). The Supreme Court, in *Bivens*, recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. *Id.* The *Bivens* decision is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

The Court first notes that the bulk of Gonzalez's factual allegations relate to events that took place in 2002 through 2011. The United States Court of Appeals for the Fifth Circuit held that a *Bivens* action is controlled by the applicable state statute of limitations. *See Brown v. Nationsbank Corp., et al.*, 188 F.3d 579, 590 (5th Cir. 1999) (citing *Alford v. United States,* 693 F.2d 498, 499 (5th

3

Cir. 1982)). In Texas, the applicable limitations period is two years. *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a) (West 2017) (Texas's two-year personal injury limitations statute). Thus, the applicable limitations period on a *Bivens* claim filed in Texas is two years. *Brown,* 188 F.3d at 590 (citing *Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998)).

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)). Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action. *See Harris v. Hegmann,* 198 F.3d. 153, 157 (5th Cir. 1999) (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992)). With regard to each of Plaintiff's numerous listings of dates upon which he alleges he did not receive adequate treatment, the Court see no reason that he did not know of the basis for a cause of action at the time he sustained the injury.

Plaintiff's original complaint in this action was received and file-stamped on July 15, 2015, but Plaintiff signed the pleading and indicated he placed it in the prison mail system on July 14, 2015. (Doc. 1, at 3.) A plaintiff's complaint is considered filed under the mailbox rule as of the time he placed it in the prison mail system for mailing. *See Cooper v. Brookshire,* 70 F.3d 377, 378 (5th Cir. 1995). That date in this case was July 14, 2015. But, the complaint does not include the vast majority of Plaintiff claims and causes of action. Instead, those new factual allegations, claims, and new defendants were asserted in the amended complaint, which was not filed until August 2016. (Doc. 14. at 1.) Federal Rule of Civil Procedure 15 provides: "An amendment to a pleading relates back

4

to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the same conduct, transaction, or occurrence set out-- or attempted to be set out-- in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B).. Although Plaintiff's original pleading did not recite the extensive facts and names additional defendants, because the original complaint asserted the allegations of failure to provide adequate medical care for a lower back pain condition, the Court will, for purposes of this preliminary review of the applicable statue of limitations, assume that the amended allegations relate back to the date of the original pleading. *See Pena,* 157 F.3d at 987 ("Pena could not file an original *Bivens* action today. Under [former] Federal Rule of Civil Procedure 15(c)(2), however, the amendments Pena makes to his pleadings will relate back to the date of the original pleading.") Two years before the date this suit was constructively filed was July 14, 2013. Thus, Plaintiff's claims that took place before that date would now be barred, absent tolling.

Plaintiff recites in his amended complaint that he used the prisoner grievance procedures at FCI-Big Spring and within the BOP to exhaust his administrative remedies. Plaintiff specifically alleges that he commenced the process on January 9, 2013, April 9, 2013, and April 10, 2013 and after proceeding through different levels, received a final resolution of the last appeal on February 23, 2015. The statute of limitations applicable to a *Bivens* action "is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement." *See Starks v. Hollier,* 295 F. App'x 664, 665 (5th Cir. 2008) (citing *Wright v. Hollingsworth,* 260 F.3d 357, 359 (5th Cir. 2001); *see also Harris,* 198 F.3d at 158-59 (holding that under the PLRA exhaustion requirement, limitations on a prisoner's § 1983 claim is tolled during administrative proceedings). Thus, again for purposes of this preliminary review, the Court will assume that Plaintiff Gonzalez is entitled to tolling of the applicable two-year limitations period for the whole 23 month period from when he first began the administrative exhaustion process until February 23, 2015. Thus, assuming that Gonzalez is entitled

5

to an additional 23 months of tolling prior to the July 14, 2013 date two-years before this suit was constructively filed, means that any facts and claims that took place prior to August 2011, are barred by the applicable statute of limitations.

In the amended complaint, Plaintiff's factual recitation begins on March 5, 2002, and continues for several pages until he lists allegations that defendant Partida refused to authorize a TENS unit or order an MRI, that took place on June 30, 2011. (Doc. 14, at 10-11, ¶ 36.) Based upon application of the applicable statute of limitations, and affording tolling credit for the time of administrative exhaustion, all of Plaintiff's claims in the amended complaint arising prior to August 2011, as recited in pages 3-11, paragraphs 12-36, must be dismissed as barred by the statute of limitations.

### (2) No Constitutional Violation for Remaining Claims arising after August 2011

Furthermore, in order to assert a claim for damages for violation of federal constitutional rights under *Bivens,* a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of law. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (elements of § 1983 action); *Evans,* 168 F.3d at 863 n. 10. As to meeting the first element, alleging the violation of a constitutional right, Gonzalez has also failed to state a claim upon which relief may be granted. In the allegations of factual events that took place in late 2011 through 2015, Plaintiff Gonzalez recites a repeated listing of dates in which he went to "sick call" to complain of his lower back pain and the failure of different Defendants to respond to his request for authorizing him to have a cane, schedule him for cortizone injections, provide him with a TENS unit, schedule him for an MRI, or schedule him for a referral to an outside specialist. (Doc. 14, 11-20, at ¶¶ 37, 39-60.)

Plaintiff contends within these allegations that he was subjected to cruel and unusual

6

punishment under the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir.1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991). This subjective deliberate-indifference standard is equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference in the medical context:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's recitations of a failure to provide numerous different treatments for his lower back injury, while reciting that officials continued to prescribe him different pain medications, states no facts of deliberate indifference on the part of any defendant. Plaintiff does not allege anything more

7

than a disagreement in the necessary treatment for his back injury. A review of the factual statements and allegations in all of his pleadings, confirms that Plaintiff has failed to state any facts that show deliberate indifference to his serious medical needs to support a claim under the Eighth Amendment. Plaintiff's claims for violation of his constitutional rights under *Bivens,* that are not otherwise barred by the statue of limitations, must be dismissed for failure to state a claim upon which relief may be granted.

### *ORDER*

It is therefore **ORDERED** that all Plaintiff's claims against T. Cronkovich are **DISMISSED without prejudice** for lack of prosecution under Federal Rule of Civil Procedure 41(b).

It is further **ORDERED** that all Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

SIGNED April 24, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE